UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANNA M. MANGIALARDI,

    Plaintiff,

  v.

JO ANNE B. BARNHART, Commissioner of Social Security Administration,

    Defendant.

CASE NO.   C06-5355JKA

ORDER REMANDING ADMINISTRATIVE DECISION

    This matter has been referred and reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). Plaintiff brings the instant action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the defendant's final decision denying plaintiff's application for social security benefits. This matter has been fully briefed.

    In response to plaintiff's opening brief defendant concedes that the matter should be remanded. Defendant agrees that the ALJ's decision contains legal errors and is not supported by substantial evidence. Specifically, Defendant agrees that the ALJ failed to properly evaluate the medical evidence and consequently failed to properly assess Plaintiff's credibility and residual functional capacity. Defendant maintains that the court should remand the matter for further proceedings, and plaintiff contends the court should not remand the matter for further proceedings, but should find plaintiff is disabled, reversing the decision of the administration and directing an award of benefits.

    After reviewing the record, the court finds and orders the following:

ORDER
Page - 1

1.  The decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court. <u>Swenson v. Sullivan</u>, 876 F.2d 683, 689 (9th Cir.1989) (*citing* <u>Varney v. Secretary of HHS</u>, 859 F.2d 1396, 1399 (9th Cir., 1988) (Varney II)).  In Varney II, the Ninth Circuit held that in cases where the record is fully developed, a remand for further proceedings is unnecessary.  <u>Varney II</u>, 859 F.2d at 1401. *See also* <u>Reddick v. Chater</u>, 157 F.3d 715, 728-730 (9th Cir. 1998)(case not remanded for further proceedings because it was clear from the record claimant was entitled to benefits); <u>Swenson</u>, 876 F.2d at 689 (directing an award of benefits where no useful purpose would be served by further proceedings). In order to determine the utility of remanding the matter for further proceedings the court must review the legal standards and the evidence supporting the parties' positions.

2. Here, the ALJ failed to fairly and fully evaluate the medical opinion evidence offered by Dr. Forbes, Dr. Quinci, Dr. Washburn, Dr. Carateo, Dr. Carsrud, and Dr. Hofman.  The court agrees with defendant's position that remand for further proceedings is warranted.  The administration should be given the opportunity to properly assess the medical evidence and to further evaluate Plaintiff's credibility and residual functional capacity, and to complete steps four and five of the administrative process in light of a proper evaluation of the medical evidence.  The issue of whether or not Ms. Mangliarlardi disabled remains to be determined.

Plaintiff argues remand is unnecessary, which is based on the premise that the court should credit as true the medical opinions not properly evaluated or weighed by the ALJ as well as plaintiff's allegations regarding the severity of her impairments.   The following test is used to determine when evidence should be credited and an immediate award of benefits directed: "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited."  <u>Harman v. Apfel</u>, 211 F.3d 1172, 1178 (9th Cir.2000)(*quoting* <u>Smolen v. Chater</u>, 80 F.3d 1273, 1292 (9th Cir.1996).

In <u>Harman</u> the social security claimant argued the ALJ improperly rejected medical testimony and the district court was obligated to credit the opinion as true.  The Ninth Circuit rejected the argument, stating:

> Appellant supports his argument that Dr. Fox's testimony should be credited by citation to *Lester v. Chater*, 81 F.3d 821 (9th Cir.1995) and *Smolen v. Chater*, 80 F.3d

1273 (9th Cir.1996). In *Lester*, we wrote that "[w]here the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion 'as a matter of law.' " *Lester*, 81 F.3d. at 834, *quoting Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir.1989). We built upon this rule in *Smolen* by positing the following test for determining when evidence should be credited and an immediate award of benefits directed:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292. [Footnote omitted]

The Commissioner attacks Appellant's reliance on *Lester* by arguing that the record in that case contained no evidence capable of supporting the rejection of the medical opinions, while here, according to the Commissioner, there is such evidence. [Footnote omitted] However, even assuming arguendo that there is material in the record upon which the ALJ legitimately could have rejected Dr. Fox's testimony, the Commissioner's attempt to distinguish *Lester* is not well founded. In *Varney v. Secretary of Health and Human Services (Varney II)*, 859 F.2d 1396 (9th Cir.1988), this court addressed the propriety of adopting the Eleventh Circuit's practice of accepting a claimant's pain testimony as true when it is inadequately rejected by the ALJ. In language which is equally applicable here, we stated:

> Requiring the ALJs to specify any factors discrediting a claimant at the first opportunity helps to improve the performance of the ALJs by discouraging them from reach[ing] a conclusion first, and then attempt[ing] to justify it by ignoring competent evidence.... [¶ And] the rule [of crediting such testimony] ensures that deserving claimants will receive benefits as soon as possible....
>
> ..    Certainly there may exist valid grounds on which to discredit a claimant's pain testimony.... But if grounds for such a finding exist, it is both reasonable and desirable to require the ALJ to articulate them in the original decision.

*Id.* at 1398-99. (Emphasis added; internal quotes and citation omitted).

Our reliance on *Varney II* to justify the current application of *Smolen* does not obscure the more general rule that the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings. *See Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir.1981). Rather, the *Smolen* test still enables only a limited exception to the general rule.

We conclude that if the Smolen test is satisfied with respect to Dr. Fox's testimony, then remand for determination and payment of benefits is warranted regardless of whether the ALJ *might* have articulated a justification for rejecting Dr. Fox's opinion.

*B. Applying the Test*

Not surprisingly, the parties disagree as to whether the Smolen test is met here. Specifically, they disagree as to whether crediting Dr. Fox's opinion mandates a finding of disability. [Footnote omitted] We conclude that it does not.

Harman, 211 F.3d at 1178-79 (9th Cir. 2000), *cert. denied*, 531 U.S. 1038 (2000).

ORDER
Page - 3

The Harman court found the Smolen test did not apply after reviewing the need for remand and whether benefits could be awarded as a matter of law. Because additional materials on remand needed to be considered, because the medical opinion that Appellant is totally disabled is a medical rather than a legal conclusion and because there was no testimony from the vocational expert that the limitations found would render the claimant unable to engage in any work the Harman court did not apply the Smolen test to credit the medical opinion as true. The matter was remanded without conditions directing the administration to credit the improperly rejected medical opinion as true.

In the case at hand this court similarly finds remand with a directive to the administration to credit the certain medical opinions as true inappropriate. Here, remand is necessary to allow the administration the opportunity to review the record and cure the deficiencies in the ALJ's decision.

4. Remand to allow the administration the opportunity to further consider the record is warranted. The administration is directed to review and reconsider the medical evidence or record and steps three, four and five in the evaluation process. Accordingly, the Court REMANDS the Social Security Administration's final decision for further proceedings.

DATED this 18th day of December, 2006.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
U.S. Magistrate Judge